IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DENNIS DIXON,
Estate of VIRGINIA DIXON,

        Plaintiff,

v.                                       CIVIL ACTION NO. 2:12-cv-01081

ETHICON, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
(Defendants' Motion for Summary Judgment)

Pending before the court is the Defendants' Motion for Summary Judgment [ECF No. 86] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.     Background

This action involves the estate of a Pennsylvania plaintiff who was implanted with a Gynemesh PS, a mesh product manufactured by Ethicon. Am. Short Form Compl. ¶¶ 4, 8–9 [ECF. No. 46]. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 1 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

B.  Choice of Law

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as Ms. Dixon did in this case, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the

3

originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Dixon underwent the Gynemesh PS implantation surgery in Pennsylvania. Thus, the choice-of-law principles of Pennsylvania guide the court's choice-of-law analysis.

The parties agree, as does the court, that these principles compel application of Pennsylvania substantive law to the plaintiff's claims. In tort actions, Pennsylvania uses a significant relationship approach to determine which law should apply. *Byard F. Brogan, Inc. v. W.C.A.B. (Morrissey)*, 637 A.2d 689, 692 (Pa. Commw. Ct. 1994). The state that has "the most significant contacts with the matter in dispute should prevail." *Id.* (emphasis removed). Here, the plaintiff resided in Pennsylvania, and her Gynemesh PS implantation surgery occurred in Pennsylvania. Am. Short Form Compl. ¶¶ 4, 11. Pennsylvania has a strong interest in resolving tort actions brought by one of its citizens for injuries arising from conduct alleged to have occurred within its territorial jurisdiction. Thus, I will apply Pennsylvania substantive law to this case.

III. Analysis

Ethicon argues it is entitled to summary judgment because Pennsylvania's two-year statute of limitations bars the plaintiff's claims. Ethicon also argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal support.

### A. Conceded Claims

The plaintiff concedes the following claims: (II) strict liability – manufacturing defect, (VI) common law fraud, (VII) fraudulent concealment, (VIII) constructive fraud, (IX) negligent misrepresentation, (XI) breach of express warranty, (XII) breach of implied warranty, (XIII) violation of consumer protection laws, (XIV) gross negligence, and (XV) unjust enrichment. Opp. Mot. Summ. J. 2 [ECF No. 98]. Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. Strict Liability – Defective Product

Strict liability – defective product (count IV) is not recognized by Pennsylvania law and must be dismissed. *Doughtery v. C.R. Bard, Inc.*, No. CIV.A. 11-6048, 2012 WL 2940727, at *2 (E.D. Pa. July 18, 2012) ("Pennsylvania law recognizes three different types of defects that can give rise to a strict-liability claim: a design defect, a manufacturing defect, and a warning defect (i.e., a failure to warn).").

Accordingly, Ethicon's Motion regarding this claim is **GRANTED**.

### C. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon, including timeliness under Pennsylvania's statute of limitations. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for

5

Summary Judgment [ECF No. 86] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: (II) strict liability – manufacturing defect, (IV) strict liability – defective product, (VI) common law fraud, (VII) fraudulent concealment, (VIII) constructive fraud, (IX) negligent misrepresentation, (XI) breach of express warranty, (XII) breach of implied warranty, (XIII) violation of consumer protection laws, (XIV) gross negligence, and (XV) unjust enrichment. Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 3, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE